CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2014

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADRIAN NATHANIEL BACON, ) | |
| Plaintiff, ) | Civil Action No. 7:13cv00350 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| C/O C. ROSE, *et al.*, ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Adrian Nathaniel Bacon, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Red Onion State Prison (ROSP) personnel, C. Rose, P. Payne, and J. McQuinn, alleging Rose used excessive force by slamming his hand in a tray slot, and Payne and McQuinn failed to protect him and conspired to cover up the incident. The defendants have moved for summary judgment. Finding that genuine issues of material fact exist solely as to whether Rose used excessive force against Bacon, the court will deny the defendants' motion as to the claim against Rose. Finding that Bacon fails to state any claim for relief against Payne and McQuinn, the court will dismiss the claims against them under 28 U.S.C. § 1915.

I.

According to Bacon's complaint, on June 19, 2013, Rose "looked through the clear lid of the tray box and saw [Bacon's] fingers were somewhat in it and slam[m]ed [Bacon's] fingers sadistically, maliciously, and wantonly in the tray box with force and walked away." (Compl. at 3) Bacon sustained "cut[s] to [his] left pinky, ring, and middle fingers." (Id.) Bacon later amended his complaint to include Payne and McQuinn as defendants, alleging that Payne and McQuinn failed to protect him and McQuinn "conspir[ed] to cover an illegal act," but offering no specific factual allegations. (Pl. Mot. to Amend at 1)

The defendants have moved for summary judgment, with a supporting affidavit from Rose. According to his affidavit, Rose was unaware that Bacon had placed his fingers inside the tray slot and accidentally closed it on Bacon's hand. (Rose Aff. at 1) Rose immediately notified Payne and others. (Id. at 1-2) A nurse assessed Bacon's hand and cleaned and treated his injuries. (Id.) Rose denies that he maliciously, intentionally, or sadistically slammed Bacon's fingers into the tray slot. (Id. at 2) Bacon responded with a statement under oath essentially reasserting his claims, still offering no facts as to Payne and McQuinn's involvement, and the matter is ripe for disposition.

## II.

Because a genuine issue of material fact exists as to whether Rose "sadistically" slammed Bacon's hand in a tray slot, the court will deny summary judgment as to Rose.[1]

The Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners . . . in cases where the deliberate use of force is challenged as excessive and unjustified." Whitley v. Albers, 475 U.S. 312, 327 (1986). Although the Eighth Amendment does not prohibit all application of force or infliction of pain, United States v. Gore, 592 F.3d 489 (4th Cir. 2010), it does prohibit unnecessary and wanton infliction of pain and suffering, which depends on whether the force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." See, e.g., Wilkins v. Gaddy, 559 U.S. 34, 37 (2010); Wilson v. Seiter, 501 U.S. 294, 298-300 (1991).

---

[1] Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Rule 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

2

Here, Bacon alleges that Rose shut his hand in the tray slot maliciously and sadistically, while Rose recounts that it was accidental. These conflicting accounts create a genuine issue of material fact, and the court will deny summary judgment as to Rose.[2]

### III.

Bacon fails to allege any facts to support his conclusory allegations that Payne and McQuinn failed to protect him and McQuinn "conspire[ed] to cover an illegal act," and the court will dismiss claims against them under 28 U.S.C. § 1915.

Under § 1915(e)(2)(B), the court shall dismiss a prisoner's claim "at any time" if it determines that claim "fails to state a claim on which relief may be granted," meaning that there is not "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In order to state a valid Eighth Amendment claim for an alleged failure to protect, a plaintiff must show "(1) serious or significant physical or emotional injury, and (2) that the prison officials had a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To establish a civil conspiracy under § 1983, the plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir.1996). Bacon utterly fails to provide any factual

---

[2] Because Bacon alleges that Rose sadistically slammed his hand in the tray slot, which, if true, could violate a clearly established constitutional right, Rose is not entitled to qualified immunity at this juncture. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

3

allegations about his claims against Payne and McQuinn. Finding that Bacon offers nothing more than threadbare, conclusory allegations with no supporting facts, the court will dismiss these claims.³

## IV.

For these reasons, the court will deny summary judgment as the claim against Rose and dismiss the claims against Payne and McQuinn.

**ENTER**: March 14, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

³ To the extent Bacon asserts that Payne and McQuinn violated his constitutional rights by failing to investigate his grievance related to the alleged assault, that claim is not cognizable under § 1983. See Charles v. Nance, 186 F. App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation"); Sweat v. Rennick, No. 9:11-2908, 2012 WL 1358721 (D.S.C. Feb. 7, 2012) report and recommendation adopted, 9:11-CV-02908, 2012 WL 1358654 (D.S.C. Apr. 19, 2012); Lewis v. Williams, Nos. 05–13, 05–51, 05–52, 2006 WL 538546 at * 7 (D. Del. Mar.6, 2006) ("[T]he failure to investigate a grievance does not raise a constitutional issue.").

4