# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ADRIAN NATHANIEL BACON, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:13CV00350 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| C/O C. ROSE, ET AL., ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Adrian Nathaniel Bacon*, Pro Se Plaintiff; *Kate E. Dwyre*, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants.

Proceeding pro se, Adrian Nathaniel Bacon, an inmate incarcerated at Red Onion State Prison located in this judicial district, filed this action for monetary damages under 42 U.S.C. § 1983 against various prison employees. A dismissal order was previously entered as to all claims made and defendants sued except for the sole assertion that defendant Correctional Officer C. Rose subjected Bacon to cruel and unusual punishment by intentionally closing a cell door's food tray slot on Bacon's left hand, slightly injuring three of his fingers. I referred this remaining claim to United States Magistrate Judge Pamela Meade Sargent for appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B). After conducting a bench trial, no jury having been demanded, Magistrate Judge Sargent filed a Report on

July 7, 2014, recommending that judgment be entered for the defendant. Bacon has filed timely objections to the Report, which objections are ripe for decision.

Bacon does not object to the magistrate judge's determinations of the applicable law. The unnecessary and wanton infliction of pain by a prison official through the use of excessive force violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The Supreme Court mandates a two-prong analysis for prisoners' claims of excessive force: a subjective prong, asking whether "the officials acted with a sufficiently culpable state of mind," and an objective prong, asking "if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 8 (internal quotation marks, alternations, and citation omitted). Under the subjective prong, the court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. In making this inquiry, the court balances the need for the application of force, the relationship between the need for force and the amount of force actually used, and the extent of the injury inflicted. *Id.* Satisfaction of the objective prong under *Hudson* requires a showing that, in context, the use of force was "nontrivial," but does not require proof that the force caused extreme injury or pain. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010).

The magistrate judge found that Bacon had not met his burden of proof as to the elements of his claim, to which finding the plaintiff objects.

I have carefully reviewed the transcript of the trial evidence presented before the magistrate judge.[1] Having conducted a de novo review of Bacon's objections, I conclude that the evidence presented supports the magistrate judge's factual findings and legal conclusions on which she relied in recommending judgment for the defendant under the subjective prong of the excessive force claim.

Accordingly, it is **ORDERED** as follows:

1. The Objections by Plaintiff (ECF No. 68) are OVERRULED;

2. The Report (ECF No. 67) is ACCEPTED; and

3. A separate Judgment will be entered in favor of Defendant C/O C. Rose.

ENTER: September 10, 2014

/s/ James P. Jones
United States District Judge

---

[1] In performing a de novo review, the court must exercise "[its] non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985).